# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ISMAEL CORONEL,<br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br>Defendants. | CV 19-09841 DSF (JEM)<br><br>Order DENYING Plaintiff's<br>Motion to Remand (Dkt. 10) |

Defendants Ford Motor Company (Ford) and Fiesta Ford, Inc. (Fiesta) removed this case based on diversity jurisdiction. Dkt. 1 (Notice). Plaintiff Ismael Coronel moves for remand. Dkt. 10 (Mot). Defendants oppose. Dkt. 11 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I. BACKGROUND

Plaintiff purchased a 2012 Ford Edge (the Vehicle) in December 2011. Dkt. 1-1 (Compl.) ¶ 8. Plaintiff received an express written warranty for the Vehicle. Id. ¶ 9. During the warranty period, the Vehicle "contained or developed defects." Id. ¶ 10. Defendants "have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities." Id. ¶ 11. In addition, Defendants "failed to commence the service or repairs

within a reasonable time." Id. ¶ 18.  Finally, Defendants "failed to promptly replace the Vehicle or make restitution to Plaintiff."  Id. ¶ 11.

Plaintiff filed the instant action alleging claims against Ford for violations of the Song-Beverly Consumer Warranty Act (the Song-Beverly Act), breach of the express written warranty, and fraud by omission, and against both Defendants for breach of the implied warranty of merchantability under the Song-Beverly Act.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A defendant may remove an action to federal court if the federal court could exercise subject matter jurisdiction over the action.  28 U.S.C. § 1441(a).  "The removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper."  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded.  28 U.S.C. § 1447(c).

Federal courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and the action is between citizens of different states.  28 U.S.C. §§ 1332, 1441.  For purposes of diversity jurisdiction, the Court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."  Grancare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018).  A non-diverse defendant is fraudulently joined "[i]f the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (first alteration in original) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent."  Grancare, 889 F.3d at 549.  Instead, "the standard is similar to the 'wholly insubstantial and frivolous'

2

standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." Id. In evaluating a claim of fraudulent joinder, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" Id. (alteration in original) (emphasis in original) (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009)). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. at 550.

## III. DISCUSSION

### A. Citizenship

#### 1. Plaintiff

While the Notice alleges that Plaintiff is a California citizen, Notice ¶ 18, the Complaint alleges only that Plaintiff "is a resident of Los Angeles County, State of California," Compl. ¶ 2. Plaintiff argues that because "the Complaint makes no reference to Plaintiff's citizenship or domicile," Defendants have failed to "establish that Plaintiff is a California citizen." Opp'n at 22. However, the Ninth Circuit rejected a very similar argument in Ehrman v. Cox Commc'ns, Inc., 932 F.3d 1223 (9th Cir. 2019). In Ehrman, the complaint alleged only that the plaintiff was a resident of California, but the notice of removal alleged that the plaintiff was a citizen of California. Id. at 1227. The plaintiff argued that the "allegations of citizenship were insufficient because they relied on allegations that [the plaintiff] reside[d] in California." Id. The court noted that while "residency is not equivalent to citizenship[,] . . . allegations of citizenship may be based solely on information and belief." Id. Therefore, absent a factual challenge, allegations that the plaintiff is a citizen of California are sufficient. Id. Here, Plaintiff makes a facial challenge. Therefore,

3

Defendants' allegation in the Notice that Plaintiff is a California citizen is sufficient.[1]

### 2. Defendants

Ford is a Delaware corporation with its principal place of business in Michigan. Notice ¶ 19. Fiesta is a California citizen. Id. ¶ 35. Defendants claim that even though Fiesta and Plaintiff are both California citizens, Fiesta's citizenship should be ignored because it was fraudulently joined. Id. ¶ 35. Plaintiff brings one cause of action against Fiesta for breach of the implied warranty of merchantability under the Song-Beverly Act. Compl. ¶¶ 29-33. Defendants argue that the claim is barred by the statute of limitations. Notice ¶¶ 26-33. Defendants argue in the alternative that the Court should sever Fiesta from this action as a "dispensable party." Id. ¶ 34.

#### a. Statute of Limitations

Because the Song-Beverly Act does not establish a statute of limitations, "California courts have held that the statute of limitations for an action for breach of warranty under the Song-Beverly Act is governed by the same statute that governs the statute of limitations for warranties arising under . . . section 2725 of the Uniform Commercial Code." Mexia v. Rinker Boat Co., 174 Cal. App. 4th 1297, 1305-06 (2009). That section provides for a four-year limitations period. Cal. Com. Code § 2725(1).

> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the

---

[1] The Court notes that in arguing that Fiesta is a "non-diverse defendant," Opp'n at 1, Plaintiff concedes he is a California citizen.

4

cause of action accrues when the breach is or should have been discovered.

Cal. Com. Code § 2725(2). Plaintiff purchased the Vehicle in December 2011, Compl. ¶ 8, significantly more than four years before Plaintiff filed the instant suit on October 15, 2019. Moreover, to the extent Plaintiff alleges that certain defects arose during the one-year implied warranty period provided for in the Song-Beverly Act, Cal. Civ. Code § 1791.1(c) ("[I]n no event shall such implied warranty have a duration of . . . more than one year following the sale of new consumer goods to a retail buyer"), the latest an implied warranty claim would have accrued was December 2012, again more than four years before this suit was filed. Therefore, Plaintiff's claim against Fiesta is barred by the statute of limitations unless this case fits into the exception for future performance or the statute of limitations is otherwise tolled. Plaintiff contends that his implied warranty claim is tolled based on class action tolling, Ford's fraudulent concealment of one of the defects, the delayed discovery rule, and the repair doctrine. Mot. at 11. The Court finds that none of these doctrines saves Plaintiff's implied warranty claim against Fiesta.

**Class Action Tolling.** Plaintiff argues that his "claims were tolled by the filing" of a putative class action on June 21, 2017. Mot. at 12. However, the four-year statute of limitations had already expired by June 2017. Therefore, this doctrine does not save Plaintiff's claim against Fiesta. Moreover, as Defendants point out, class action tolling does not apply to Fiesta which was not a named defendant in that class action. See Wyser-Pratte Mgmt. Co. v. Telxon Corp., 413 F.3d 553, 568 (6th Cir. 2005) ("[B]ecause PwC was not a defendant in the Telxon class action, WPMC may not rely on class action tolling to suspend the statute of limitations on WPMC's claims against PwC"); In re Cathode Ray Tube (CRT) Antitrust Litig., No. C-07-5944-SC, 2014 WL 1091589, at *15 (N.D. Cal. Mar. 13, 2014) ("*American Pipe* tolling could not apply to Thomson Consumer based on any DPP class action because Thomson Consumer was never named as a defendant in any of those cases").

5

**Fraudulent Concealment Doctrine**. Plaintiff asserts that "Ford's fraudulent concealment of the Door Ajar Defect" should toll the statute of limitations for the implied warranty claim asserted against both Ford and Fiesta. Mot. at 13.

Under California law, "[t]he doctrine of fraudulent concealment tolls the statute of limitations where a defendant, through deceptive conduct, has caused a claim to grow stale." Aryeh v. Canon Bus. Sols., Inc., 55 Cal. 4th 1185, 1192 (2013). Fraudulent concealment is meant to prevent a defendant from "taking advantage of his own wrong." Inv'rs Equity Life Holding Co. v. Schmidt, 195 Cal. App. 4th 1519, 1532 (2011) (quoting Pashley v. Pac. Elec. Co., 25 Cal. 2d 226, 231 (1944)), as modified (June 15, 2011); see also Regents of Univ. of California v. Superior Court, 20 Cal. 4th 509, 533 (1999) (purpose of fraudulent concealment doctrine is to "disarm a defendant who, by his own deception, has caused a claim to become stale and a plaintiff dilatory").

As Plaintiff effectively concedes, the Complaint alleges only that "Ford failed to disclose and actively concealed material facts from Plaintiff." Id. at 14.[2] The Complaint contains no allegations that Fiesta fraudulently concealed anything, which is confirmed by the fact that Plaintiff's fraud by omission claim is brought only against Ford. Plaintiff again makes clear in his Motion that he has a claim for fraudulent concealment only against Ford. Mot. at 11 ("Here, multiple, independent state law tolling doctrines have tolled Plaintiff's implied warranty claims against Fiesta Ford, including class action tolling, Defendant Ford's fraudulent concealment of the Door Ajar Defect, the delayed discovery rule, and the repair doctrine. (*See* Compl. ¶ 7.)") (emphasis added); Mot. at 13. ("The limitations period was tolled by Defendant Ford's fraudulent concealment of the Door Ajar Defect.")

---

[2] The Complaint alleges that "prior to Plaintiff acquiring the Vehicle, Ford was well aware and knew of the Door Ajar Defect within the Subject Vehicle but failed to disclose this fact to Plaintiff at the time of sale and thereafter." Compl. ¶ 36. Plaintiff further pleaded that "Defendant nevertheless concealed and failed to disclose the defective nature of the Vehicle and its door latch system to Plaintiff at the time of sale and thereafter." Id. ¶ 39.

(emphasis added); Mot. at 14 ("Plaintiff has sufficiently alleged that Ford failed to disclose and actively concealed material facts from Plaintiff . . . .") (emphasis added). Other than including fraudulent concealment in his list of issues Defendants claim are inapplicable, Reply at 5, Plaintiff does not even mention fraudulent concealment in his Reply. But Plaintiff has not pointed to any doctrine that establishes alleged fraudulent concealment by a co-defendant tolls claims as to all defendants. There is nothing on the face of the Complaint, or even submitted in Plaintiff's briefs, that gives any indication Plaintiff could plausibly allege fraudulent concealment by Fiesta if given an opportunity to amend his complaint. Nor does he ever suggest that he can or will seek to amend his complaint to state such a theory.

It is true that the Court must consider "whether a deficiency in the complaint can possibly be cured by granting plaintiff leave to amend." Grancare, 889 F.3d at 549. But there is no deficiency here. This was not a mistake. Plaintiff has made clear that he has no fraudulent concealment claim against Fiesta, as opposed to Ford.[3] The Court should not remand the case based on a perceived possibility that Plaintiff himself has affirmatively disclaimed.

**Delayed Discovery Rule.** Plaintiff contends that "California courts have repeatedly and unambiguously held that an implied warranty claim is actionable where a latent defect exists at the time of sale, even if it manifests outside the one-year implied warranty duration." Mot. at 14 (emphasis deleted). Although this is true, this alone does not extend the statute of limitations for such a claim. In Mexia v. Rinker Boat Co., 174 Cal. App. 4th 1297 (2009), it was undisputed that the action was filed within the four-year limitations period. Id. at 1306. Similarly, the Ninth Circuit in Daniel v. Ford

---

[3] As is clear from the parties' briefs, the subject of federal jurisdiction in such cases has been raised numerous times in federal courts in California. These apparently experienced counsel have determined that Plaintiff has no claim for fraudulent concealment against Fiesta; the Court declines to second guess them.

7

Motor Co., 806 F.3d 1217 (9th Cir. 2015) merely held that the one-year implied warranty "does not create a deadline for discovering latent defects or for giving notice to the seller." Id. at 1223 (quoting Mexia, 174 Cal. App. 4th at 1300). Daniel specifically did not address the statute of limitations. Id. at 1227 ("Because the district court did not address . . . statute of limitations, . . . we decline to do so on appeal.").

Plaintiff also claims that the "future performance" exception in Section 2725(2) applies. Mot. at 15. However, California courts have not interpreted this exception to apply to implied warranties. See Cardinal Health 301, Inc. v. Tyco Elecs. Corp., 169 Cal. App. 4th 116, 134 (2008) ("Because an implied warranty is one that arises by operation of law rather than by an express agreement of the parties, courts have consistently held it is not a warranty that 'explicitly extends to future performance of the goods . . . .'" (quoting Cal. Com. Code § 2725(2))); cf. Carrau v. Marvin Lumber & Cedar Co., 93 Cal. App. 4th 281, 291 (2001) (future performance exception applies only when "a seller expressly warrants a product for a specified number of years"); see also Philips v. Ford Motor Co., No. 14-CV-02989-LHK, 2016 WL 1745948, at *13 (N.D. Cal. May 3, 2016) ("[T]he future performance exception only applies to the breach of an express warranty.").[4] The California cases relied on by Plaintiff either did not involve the future performance exception, Aced v. Hobbs-Sesack Plumbing Co., 55 Cal. 2d 573 (1961); Donlen v. Ford Motor Co., 217 Cal. App. 4th 138, 148 (2013), as modified on denial of reh'g (July 8, 2013), or involved express written warranties, Krieger v. Nick Alexander Imports, Inc., 234 Cal. App. 3d 205, 216 (1991) (future

---

[4] Although Plaintiff directs the Court to a case where Ford was admonished for making "arguments contrary to settled authority," Dkt. 12 (Reply) at 1, Plaintiff too has made arguments contrary to settled authority, including failing to mention or address Cardinal Health, and has also made arguments that were squarely rejected by other district courts in California, see, e.g., Perez v. Ford Motor Co., No. 219CV06866SVWFFM, 2019 WL 5959561 (C.D. Cal. Nov. 13, 2019); Covarrubias v. Ford Motor Co., No. 19-CV-01832-EMC, 2019 WL 2866046 (N.D. Cal. July 3, 2019).

performance exception applies to an express "written warranty that all defects would be repaired for a period of 36 months or within the first 36,000 miles of use"); Mills v. Forestex Co., 108 Cal. App. 4th 625, 642 (2003) (future performance exception applies to 25-year warranty on the hardboard siding installed on house and garage).[5]

**Repair Doctrine.** Plaintiff argues that because he "notified Defendants within 60 days of the expiration of the warranty that they had failed to repair the Vehicle . . ., the implied warranty claim was tolled by the r[]epair doctrine." Mot. at 19. Plaintiff bases this argument on California Civil Code Section 1795.6. However, that provision addresses extending the warranty period, not tolling the statute of limitations. Cal. Civ. Code § 1795.6(a)(1) (addressing when the "warranty period" is "automatically . . . tolled").

Nevertheless, the California Supreme Court has held that "[t]he statute of limitations is tolled where one who has breached a warranty claims that the defect can be repaired and attempts to make repairs." Aced, 55 Cal. 2d at 585.[6] Tolling under the repair doctrine, however,

---

[5] The Court need not consider the district court cases that held that the future performance exception applied to an implied warranty claim where there is also an express warranty for a specific time period. See, e.g., Ehrlich v. BMW of N. Am., LLC, 801 F. Supp. 2d 908, 924 (C.D. Cal. 2010) (four-year express warranty tolled statute of limitations for implied warranty claim); Falco v. Nissan N. Am. Inc., No. CV 13-00686 DDP MANX, 2013 WL 5575065, at *10 (C.D. Cal. Oct. 10, 2013) (five-year express warranty "tolled the running of the implied warranty's statute of limitations"). The relevant question is whether "there is a possibility that *a state court* would find that the complaint states a cause of action against any of the resident defendants." Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) (emphasis added) (quoting Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)).

[6] The California Supreme Court has since indicated that repair tolling does not apply to an "overarching limitations period later enacted specifically for suits alleging defects in the construction of improvements to real property—a limitations period measured, regardless of discovery, from the date the work of construction was completed." Lantzy v. Centex Homes, 31 Cal. 4th 363,

9

does not indefinitely extend the statute of limitations. Rather, the tolling lasts only as long as the product is being repaired. Therefore, for Plaintiff to successfully allege that repair tolling applies to the implied warranty claim, the Vehicle would have had to have been in repairs for nearly three years. As noted by another district court, this is an "implausible proposition" that "was not pled nor can it be reasonably inferred." Covarrubias, 2019 WL 2866046, at *5; see also Mangiapane v. Ford Motor Co., No. 19-CV-02014-HSG, 2019 WL 5199534, at *4 (N.D. Cal. Oct. 16, 2019) ("entirely implausible" that "vehicle would . . . be under repair for seven of the eight years that Plaintiff owned the vehicle"). The repair doctrine cannot save Plaintiff's time-barred claim against Fiesta.

### b. Whether Fiesta is a Dispensable Party

Defendants contend that Fiesta is not an indispensable party and therefore the Court has discretion to sever it. Notice ¶ 34. The Court declines to do so. As Plaintiff contends, "the claims against the manufacturer and dealership arise from the same vehicle, the same alleged defects in that vehicle, and the same failed attempt to repair the vehicle."[7] Mot. at 7-8. Splitting the claims against Ford and Fiesta would be inconvenient and inefficient. It would also improperly favor

---

372 (2003), as modified (Aug. 27, 2003). The Court notes that this casts doubt on the applicability of the repair doctrine to the situation at issue here, where there is also a later enacted limitations period measured, regardless of discovery, from the date of delivery (unless the future performance exception applies).

[7] The Court notes that the Complaint does not actually allege that Fiesta is the dealership where Plaintiff purchased the Vehicle. See Compl. ¶ 8 ("Plaintiff purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail"). Although Plaintiff states in the Motion that Fiesta "is the dealership that sold the Vehicle to Plaintiff," Mot. at 8, Plaintiff cannot amend his complaint through his brief. However, because Defendants do not raise this issue, the Court does not address it. Moreover, such a deficiency can be cured by amendment in the state court.

Defendants' choice of forum over Plaintiff's, in contravention of the general rule permitting plaintiffs to select the forum. The Court further rejects Ford's argument that "Fiesta is not a necessary party" because Fiesta "is entitled by statute to full indemnity from [Ford] for [the] implied warranty claim." Opp'n at 14. Again, Plaintiff is the master of his complaint and has every right to include Fiesta as a defendant, even if he did not need to include it.

Because Plaintiff and Ford are diverse from each other, and non-diverse defendant Fiesta has been fraudulently joined, the Court finds that there is complete diversity.

### B.  Amount in Controversy

"[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402 (9th Cir. 1996). However, "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . [t]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" $75,000. Id. (quoting Sanchez, 102 F.3d at 404).

The Complaint alleges that "Plaintiff suffered damages in a sum to be proven at trial in an amount not less than $25,001.00." Compl. ¶ 13. The Complaint also seeks "a civil penalty of two times Plaintiff's actual damages," id. ¶ 14, as well as punitive damages and attorneys fees, id. at Prayer. If plaintiff's actual damages are at least $25,001, a civil penalty twice that amount would be $50,002. Therefore, between actual damages and the civil penalty alone, Plaintiff put more than $75,000 in controversy. See McDonald v. BMW of N. Am., LLC, No. 3:17-CV-2011-CAB-BLM, 2017 WL 5843385, at *1-*2 (S.D. Cal. Nov. 28, 2017) (Where "[t]he complaint states that Plaintiff's damages exceed $25,000, and prays for actual damages, statutory penalties of

11

two times actual damages, attorney's fees and punitive damages," no "guesswork or investigation" was needed to see that "Plaintiff seeks, at a minimum, in excess of $75,000, not including attorney's fees or punitive damages.").

Plaintiff claims that the $25,001 amount includes both actual damages and civil penalties. Mot. at 20. Nothing in the Complaint supports that interpretation. Moreover, even if the Complaint could be so interpreted, this amount does not include attorney's fees, which must be included in determining the amount in controversy. See Guglielmino, 506 F.3d at 700-01 (allegations that "damages to each Plaintiff are less than $75,000" does not include "attorneys' fees, accounting of moneys, or payment of back taxes and benefits" which must be considered in determining the amount in controversy); Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met").

Defendants submit a declaration from counsel stating that "[i]n [his] significant experience litigating such cases, it is not uncommon, and in fact quite regular, for attorneys' fees and cost awards (or resolutions through informal discussions with opposing counsel) to exceed $50,000." Dkt. 3 (May Decl.) ¶ 5. Plaintiff asserts in conclusory fashion, and without addressing the May Declaration, that Defendants "present no competent evidence of those fees." Reply at 8. "The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience." Brady v. Mercedes-Benz USA, Inc., 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002). Further, the Court may rely on its "expertise in evaluating litigation expenses" to determine if Defendants have satisfied their burden "to prove future attorneys' fees by a preponderance of the evidence." Fritsch, 899 F.3d at 796. The Court believes, based on its experience and the declared experience of Mr. May, that Defendants have proven by preponderance of the evidence that attorney's fees will exceed $50,000. This conclusion is further supported by recent fee awards in other cases involving Plaintiff's counsel's law firm asserting claims against car

manufacturers under the Song-Beverly Act. See, e.g., <u>Zomorodian v. BMW of N. Am., LLC</u>, No. CV 17-5061-DMG (PLAx), 2019 WL 6534513, at *10 (C.D. Cal. July 23, 2019) (awarding "reasonable attorneys' fees in the amount of $213,447.50"); <u>Forouzan v. BMW of N. Am., LLC</u>, No. CV 17-3875-DMG (GJSx), 2019 WL 856395, at *9 (C.D. Cal. Jan. 11, 2019) (awarding "reasonable attorneys' fees in the amount of $215,560.50."); <u>Fuller v. FCA US LLC</u>, No. B286224, 2019 WL 2763114, at *1 (July 2, 2019) (affirming "attorney fee award of $327,782.75").

The Court concludes the amount in controversy exceeds $75,000.

## IV. CONCLUSION

The motion to remand is DENIED. Fiesta Ford is a sham defendant and is dismissed without prejudice.

IT IS SO ORDERED.

Date: 2-4-2020

_____
Dale S. Fischer
United States District Judge